THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD CHRISTIAN, Appellant.

*Testimony of an accomplice — what corroboration is sufficient — Code of Criminal Proc. § 399.*

Under the provisions of section 399 of the Code of Criminal Procedure, a conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and it matters not how consistent the narration of the accomplice may be, nor how much it is fortified by detail in the statement itself, or how reasonable and convincing is the relation of facts by him, it is not sufficient to justify a conviction unless corroborated by such other evidence as tends to connect the defendant with the commission of the crime.

It is not necessary that the evidence corroborative of that of an accomplice should of itself be sufficient to show the commission of the crime, or to connect the defendant with it. It is sufficient if it tends to connect the defendant with the commission of the crime, nor need the corroborative evidence be wholly inconsistent with the defendant's innocence.

HERRICK, J., dissenting.

APPEAL by the defendant, Edward Christian, from an order denying a motion for a new trial and from a judgment of conviction for arson in the first degree.

*Hastings & Schoolcraft* and *A. A. Yates,* for the appellant.

*Daniel Naylon, Jr., District Attorney,* for the respondent.

MAYHAM, P. J.:

The principal question raised by the appellant on this appeal is that the conviction was had solely upon the uncorroborated testimony of an accomplice in the crime, for which the defendant was indicted, tried and convicted.

If that contention is supported to its full extent by the evidence, then the judgment for conviction should be reversed.

The testimony of Mrs. Slocum, that she set fire to and burned this house in the night-time, after she and the defendant had together saturated the wall and floor with kerosene, and that all she did in the matter was at the request, suggestion and direction of the defendant, is positive and unequivocal. But her connection with

the crime renders her testimony insufficient, unless corroborated, to justify a conviction upon it alone.

Her connection with the commission of the crime, as she details it, makes her an accomplice with the defendant, and brings her evidence under the condemnation of section 399 of the Code of Criminal Procedure, which provides that: "A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime." Under this statute it matters not how consistent the narration of the accomplice, how much it is fortified by detail in the statement itself, or how reasonable and convincing the relation of facts by her, it is not enough, unless corroborated by such other testimony as tends to connect the defendant with the commission of the crime.

The respondent calls attention to the testimony of Laura Slocum, a daughter of Martha, who is about thirteen years of age, and corroborates the testimony of her mother as to the times and circumstances of the defendant's visit to her mother after they moved on Veeder avenue, up to the time of the fire, and also his visit to and interview with Mrs. Slocum on the morning after the fire, and of his inquiry about the insurance policy, and his inquiry of her as to where she was going, and her information to him that she was going to Mrs. Iveson's on Strong street, and as to his call at Mrs. Iveson's in the absence of her mother, telling her at that time that she might have to go down to court, but that she must not mention his name.

This last statement, while not strictly a corroboration of any statement sworn to, is not without its significance on the general question of corroboration of the theory of the prosecution. The testimony of Lulu Slocum, a daughter of the accomplice Martha, but nine years old, is also claimed by the prosecution as a corroboration of the testimony of her mother, in some essential particulars tending to establish the charge against the defendant.

She saw the defendant at her mother's on Schenectady street, before they moved to Veeder avenue, and saw him at the house on Veeder avenue, talking with her mother every day they lived there before the house burned down; saw him there on election day, and on that day got oil for her mother while the defendant was there

up-stairs, and says defendant told her to go down the back fence to Centre street so that nobody would see her. Said she should get oil and run back, said her mother gave her two cents, and she got two cents worth of oil and gave it to her mother, and she went up-stairs where the defendant was, and witness then went out, and afterwards saw defendant down-stairs talking with her mother. She also swears that she heard the defendant tell her mother that the best thing she could do was to send the thing up in a balloon, and if she did not she would be sorry for it.

It is also insisted that Martha Slocum is corroborated by several witnesses who saw defendant on the afternoon before the fire in the vicinity of Veeder avenue with a bundle under his arm similar in description to the one described by Martha as containing the rugs taken by defendant from her house. Other witnesses were called by the People who corroborated the testimony of Martha, upon the same general facts as to which she was corroborated by her children, of defendant's presence at and about the place of the residence of Martha on Veeder avenue.

Without further reference here to the evidence we think that the case does not stand alone upon the uncorroborated evidence of this accomplice; but that she is corroborated by other evidence which a jury might fairly and reasonably consider as tending to connect the defendant with the commission of this crime.

Even the defendant himself, on his examination as a witness in his own behalf, testified to some important corroborations of Martha which the jury might fairly consider as leading up to and connected with the commission of this crime. The pawning of the Bible and album; his meeting her near the church, and taking a paper which she had and reading it. These are important corroborations, although he characterizes the act of pawning as an innocent act of accommodation, and the reading of the paper as simply the reading of a letter. She gives both acts great significance, one the procuring of the money with which to effect the insurance, and the other the perusal of the policy which, as is claimed, gave a cash value to the property, which it was contemplated by these persons should be consumed by fire.

This evidence, we think, tended to connect the defendant with the crime charged, and was competent for the jury to consider, and

thus passed into the domain of facts which may be weighed and considered by the jury, and which, if found against the defendant, furnish a support upon which their verdict must be upheld.

It is true that no witness corroborates the accomplice in her testimony as to the application of the match to the oil, at defendant's direction or suggestion. But when the words of the defendant, that she must send it up in a balloon, are taken in connection with the procurement of the oil; the procurement of the policy, in connection with the pawning of the books, the frequent visits of the defendant to the place of residence of the alleged accomplice, the binding up of the rugs with the bundle seen in his possession, and other coincidences, we think the appellate court would not be justified in saying there were no corroborating circumstances proved from which a jury could find that the evidence connected the defendant with the commission of this arson.

In *People* v. *Elliott* (106 N. Y. 292) EARL, J., in discussing the character of corroborating evidence in connection with the evidence of an accomplice sufficient to convict, uses this language : "All these circumstances certainly have some tendency to corroborate the evidence of the accomplice, and they seem to us to satisfy the requirements of the section of the Criminal Code referred to. Each circumstance taken by itself is quite inconclusive, but when considered together they certainly furnish some corroborative evidence. It is not necessary that the corroborative evidence of itself should be sufficient to show the commission of the crime, or to connect the defendant with it. It is sufficient if it tends to connect the defendant with the commission of the crime, nor need the corroborative evidence be wholly inconsistent with the theory of the defendant's innocence." To the same effect is *The People* v. *Everhardt* (104 N. Y. 591); *The People* v. *Jaehne* (103 id. 182).

Within this rule we think the case properly became one for the jury, and that their verdict cannot be set aside as against evidence.

We have examined the other exceptions taken by the learned counsel for the defendant in this case, and find no error for which this conviction should be reversed.

PUTNAM, J., concurred ; HERRICK, J., dissenting.

Judgment of conviction affirmed.